UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NOVI PROMENADE ASSOCIATES
LIMITED PARTNERSHIP, and
LANDON DEVELOPMENT CORP.,

        Plaintiffs/Counter-Defendants,

                                      Case No. 02-CV-72890

vs.                              HON. GEORGE CARAM STEEH

TARGET CORPORATION,

        Defendant/Counter-Plaintiff.

_____/

ORDER DENYING PLAINTIFFS' MOTION TO CLARIFY OR AMEND THE JUDGMENT
(DOCUMENT # 135), GRANTING IN PART AND DENYING IN PART DEFENDANT'S
MOTION TO MAKE CHANGES IN OR CORRECTIONS TO THE SEPTEMBER 30,
2005 OPINION AND ORDER UNDER RULES 59(e), 60(a) and/or 60(b) (DOCUMENT
#137), AND DENYING DEFENDANT'S MOTION CONCERNING ATTORNEY FEES
AND LITIGATION EXPENSES (DOCUMENT #136)

      Before the court are certain post-judgment motions, namely plaintiffs' Motion to

Clarify or Amend the Judgment, filed under Fed. R. Civ. P. 59(e); defendant's Motion to

Make Changes in or Corrections to the September 30, 2005 Opinion and Order Under

Rules 59(e), 60(a) and/or 60(b); and defendant's motion, brought under Fed. R. Civ. P.

59(a) (and/or (e)) and/or Rule 60(a) (and/or (b)), concerning attorney fees and litigation

expenses.

      The court has considered the briefing filed by the parties in these matters, and

has determined it would not be assisted by oral argument on any of the motions.  As set

forth in E.D. Mich. LR 7.1(e)(1), absent an order of the court, oral hearings on motions

for reconsideration are not held.  To the extent any of these motions is not subject to

that local rule, it is hereby ORDERED that the motions are submitted on the briefs, pursuant to E.D. Mich. LR 7.1(e)(2).  The motions are considered and decided in turn, set forth below.

1.  <u>Plaintiffs' Motion to Clarify or Amend the Judgment</u>

In this motion, plaintiffs assert that the court's holding on September 30, 2005 (hereinafter the "Opinion and Order"), finding Landon and Novi Promenade jointly and severally liable for unjust enrichment damages in the amount of $3,004,578, did not take into account a) that only Novi Promenade could be liable for unjust enrichment damages; and b) "Target's admission that the benefit conferred on Novi Promenade's land was no more than $1,439,329.00...."  The $1,439,329.00 figure derives from a construction lien Target filed on Novi Promenade's property on January 16, 2003, which asserted that Target made improvements to the property, which it concluded November 15, 2002, and which it valued at $1,439,329.

Concerning the first argument, Target simply responds with its understanding of the Opinion and Order: "[w]e understand the Court to have held that because Landon and Novi Promenade are both liable to Target in the same amount albeit under different theories, they are jointly and severally liable for that Judgment amount."  Target's Response to Motion to Clarify or Amend Judgment, p. 1.  This is an apt reading of the court's order.  The section of the Opinion and Order addressing Target's unjust enrichment claim does not find Landon liable under that claim, but states that "[i]t is the court's finding that Target has succeeded on its unjust enrichment claim in the amount requested: i.e. the amount awarded above for Target's breach of contract counterclaim,

2

which shall be an obligation shared jointly and severally with Landon." Opinion and Order, p. 20.

Turning to plaintiffs' argument that the construction lien filed by Target should serve as a limitation on plaintiffs' liability on this claim, the court is again in agreement with Target's response brief. Target posits three reasons that the amount of its construction lien should have no impact on its claim for unjust enrichment: 1) that plaintiffs waived the argument, by not making it prior to this motion; 2) that Target's proofs at trial sufficiently supported the unjust enrichment award made by the court; and 3) under the applicable Michigan statutory provisions, a construction lien is limited to amounts owed to the filer by another party, under contract for work on property owned by that other party. See Mich. Comp. Laws Ann. § 570.1107(1).

Without addressing Target's waiver argument, the court is convinced that limiting the unjust enrichment liability of Novi Promenade to the amount of Target's construction lien would be erroneous. As Target convincingly argues in its brief, there is no logical-or legal-- connection between the construction lien and the award for unjust enrichment damages made by this court. Plaintiffs' motion is, accordingly, DENIED as to its request seeking amendment of the judgment.

2. Defendant's Motion to Make Changes in or Corrections to the September 30, 2005
   Opinion and Order Under Rules 59(e), 60(a) and/or 60(b)

Target's first request in this motion points out that the court used two different figures as starting points for calculating Target's damages in its Opinion and Order. Target is correct in speculating that the use of the figure $3,070,114, from an earlier version of Target's Exhibit 549, submitted by Target prior to its final version, was an

3

inadvertent mistake.[1]  Therefore, Target's request for correction, under Fed. R. Civ. P. 60(a), is hereby GRANTED, and the last paragraph of Section IIIa of the Opinion and Order, p. 18, is hereby amended to read as requested by Target, granting a judgment amount of $3,194,225.  Accordingly, an amended judgment will be issued at the time of entry of this order.

Target's second request in this motion requests inclusion of pre-judgment interest as an element of its damages.  Target asserts that this is mandatory in cases governed by Michigan substantive law, citing Mich. Comp. Laws Ann. § 600.6013. Target concedes in its motion that it did not include any interest computation, or a specifically enumerated request for "pre-judgment interest," but demonstrates that it did request in its Third Amended Counterclaim damages plus "interest as contemplated by the Site Development Agreement and other applicable law."

The court agrees that Target is entitled to pre-judgment interest even without a more specific request.  However, it does not agree with Target that §7 of the Michigan statute concerning interest rates on judgments applies in this instance.  That section of the statute provides:

> (7) For a complaint filed on or after July 1, 2002, if a judgment is rendered on a written instrument evidencing indebtedness with a specified interest rate, interest is calculated from the date of filing the complaint to the date of satisfaction of the judgment at the rate specified in the instrument if the rate was legal at the time the instrument was executed.  If the rate in the written instrument is a variable rate, interest shall be fixed at the rate in effect under the instrument at the time the complaint is filed.  The rate

---

[1] The court has considered plaintiffs' response to this request, asserting that the court could have properly rejected the Braun and Bartow & King charges; however, that was not the court's intention.  Rather, the discrepancy in figures was due to inadvertence, as suggested by Target.

4

under this subsection shall not exceed 13% per year compounded annually.

Mich. Comp. Laws Ann. § 600.6013(7).  Apparently, Target's position is, at least with respect to the award of damages in connection with the SDA, that the SDA is a "written instrument evidencing indebtedness with a specified interest rate."  The court does not agree that the SDA is a "written instrument evidencing indebtedness" such as a land contract or promissory note.  Rather, the court agrees with plaintiffs that interest is due to Target under § 6013(8), "at a rate of interest equal to 1% plus the average interest rate paid at auctions of 5-year United States treasury notes during the six months immediately preceding July 1 and January 1," and thus the award of prejudgment interest in this matter shall be substantially as that set out in Exhibit 7 to Target's motion with any applicable date or calculation adjustments..

Finally, in this motion Target has requested that the court delete its footnote #1 from the Opinion and Order.  In pertinent part, the court stated in that footnote that

> ...certain claims contained in plaintiffs' amended complaint [and] certain counts contained in Target's third amended counterclaim were [not] addressed as part of the bench trial.  It is the court's opinion that all claims remaining are rendered moot or unnecessary as a consequence of this opinion and order.  If necessary, the court would entertain a motion to reopen the case to address any unresolved claims.

Opinion and Order, p. 2.  Recently, the court conducted a conference call with the parties to this matter, at which counsel for Target expressed concern about the running of statutes of limitation applicable to the claims implicitly dismissed without prejudice by that footnote.

Ultimately, all were in agreement concerning the court's treatment of this issue. Thus, the court here finds that it has concluded reopening of any of these claims is

5

unnecessary at this juncture, but notes that should any one of these claims be reopened (e.g. upon non-payment of the judgment by plaintiffs), it is the court's intention that the relation back doctrine would serve to toll each applicable statute of limitations pending the reopening of any such count.

3.  Defendant's motion, brought under Fed. R. Civ. P. 59(a) (and/or (e)) and/or Rule 60(a) (and/or (b)), concerning attorney fees and litigation expenses.

In this motion, Target requests that the court reconsider its determination that Target was not "the prevailing party" in the litigation, under Fed. R. Civ. P. 59(a) and or E.D. Mich. LR 7.1(g).  Target accordingly requests an amendment of the Opinion and Order under Fed. R. Civ. P. 59(e), specifically that the court vacate and amend the Opinion and Order, to indicate that Target was "the prevailing party," and requests an "opportunity to submit a Fee Application and to prove that its claimed fees and litigation expenses are reasonable within the contemplation of Section 13."  Finally, and alternatively, Target makes the request that such relief be provided under Fed. R. Civ. P. 60(a) and (b), based on "mistake or inadvertence."

The court is not persuaded that its ruling was erroneous or that its findings were based on "mistake or inadvertence."  In its brief, Target quotes from the record as counsel discussed the attorney fee issue with the court, and asserts that it was Target's *expectation* that an evidentiary hearing concerning the reasonableness of the claimed fees was to be convened following the court's ruling on the parties' respective claims. Target quoted the following statement of the undersigned, which the court considers to reflect the court's intention, all along, to consider fees and their reasonableness only if necessary:

6

> All right.  Well, it seems to me that you should have an opportunity to review it before we convene any supplementary proceedings to determine the attorney fees.  But it's not necessary that you have those statements before we address the initial question of whether someone is to be deemed a prevailing party and fees are to be invoked.

Trial Transcript, March 23, 2005.  Because the court then found that neither party was the sole prevailing party, and because the equities of the situation dictated against making such an award, it declined to consider or award attorney fees.

Target now argues that applicable law requires that the court award it attorney fees.  The court has seriously considered this contention and the case law relied on by Target, and finds that both distinctions between these circumstances and those described in the cases relied on by Target, as well as this court's discretion, fully support the court's decision.

For instance, in the Western District of Michigan case decided by Judge Quist, Kissinger, Inc. v. Singh, 304 F.Supp.2d 944 (W.D. Mich. 2003), the plaintiff was found to be entitled to reasonable attorney fees because it had prevailed in large part on its claims.  There was no mention of any claims made by the defendant in that case.  The unpublished Sixth Circuit cases of Kentucky School Boards Insurance Trust v. Horace Mann Insurance Co., 188 F.3d 507 (6th Cir. 1999), and Underground Pipe and Valve, Inc. v. Siteworks Construction Co., 191 F.3d 454 (6th Cir. 1999), likewise do not persuade the court to change its position.  The Kentucky School Boards Insurance Trust case merely reiterates, in dicta, the principal that attorney fees *may* be awarded absent recovery on all claims asserted by a particular party.  In the Underground Pipe case, in a brief and undetailed discussion, the district court's decision to award attorney fees to one party, where each of the parties had prevailed on at least one claim, was simply

7

affirmed as being within the court's discretion.

Likewise, the Michigan case law cited by Target does not convince the court of error in its determination.  Moreover, the court does not disagree with the holdings (and dicta) pointed to by defendant in its reliance on those cases.  For instance, <u>Southwind Properties, LLC v. Wightman</u>, 2005 WL 658830 (Mich.App.)(unpublished) upheld the award of attorney fees to a plaintiff, whom the lower court found to be the prevailing party, contractually entitled to attorney fees.  This court certainly does not have any reason to disagree with that ruling.

The court notes defendant's argument that because "Target prevailed on only 98% and not 100% of its claim is without legal significance, as a matter of law."  The court's concept of this case, however, does not attribute a certain degree of a "prevailing" status in accordance with the amount of the award.  Although that may be true in other cases, the court has described in its Opinion and Order the contentiousness of this litigation, and the general nature of this litigation.  Essentially, although the court did calculate damages owing by virtue of the contract, that calculation was in the nature of an accounting, sought by both sides, in which each side recovered some of its claims.  Additionally, the corresponding damages awarded to Target which were based on an unjust enrichment claim, and which consumed much of the trial, obviously provide no attorney fees to either party.  For that reason, and to the degree this court enjoys discretion in making–or withholding–an award of "contractual" attorney fees, it will not alter its ruling on this issue.

<u>CONCLUSION</u>

For the reasons given above, plaintiffs' motion to clarify or amend the judgment

8

(Document # 135) is hereby DENIED; defendant's motion to make changes in or
corrections to the September 30, 2005 opinion and order under Rules 59(e), 60(a)
and/or 60(b) (Document # 137) is hereby GRANTED IN PART AND DENIED IN PART;
and defendant's motion with respect to the court's denial of an award of attorney fees
(Document # 136) is hereby DENIED.

     IT IS SO ORDERED.

S/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

Dated:  March 31, 2006

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record on March 31, 2006, by
electronic and/or ordinary mail.

S/Josephine Chaffee
Secretary/Deputy Clerk

9