UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NOVI PROMENADE ASSOCIATES
LIMITED PARTNERSHIP, and
LANDON DEVELOPMENT CORP.,

    Plaintiffs/Counter Defendants,

                                               Case No. 02-CV-72890

vs.                                      HON. GEORGE CARAM STEEH

TARGET CORPORATION,

    Defendant/Counter Plaintiff.

_____/

## ORDER DENYING RELIEF REQUESTED BY TARGET CORPORATION'S MOTION FOR RECONSIDERATION (DOC # 854)

        Defendant Target Corporation ("Target") requests reconsideration of the court's denial without prejudice of its motion to satisfy the judgment rendered in this case, owed to Target by plaintiffs, with funds in the possession or control of Dan Aronoff. The judgment has not been satisfied by plaintiffs or their successor entities, currently in Chapter 11 bankruptcy proceedings. The court allowed the filing of response and reply briefs, which are in the record.

        Target suggests the court did not "correctly understand the distinction between the constructive trust claim Target seeks to pursue in this Court in a supplementary proceeding, and other alter ego, fraudulent conveyance, and similar claims that Target may pursue in bankruptcy court," stating that the "critical distinction is that the latter classes of claims may be pursued by Target in the bankruptcy court to the extent they

are claims that belong to the bankruptcy estate(s) for the benefit of all creditors of the judgment debtors." Target's Motion for Reconsideration (D/E # 854), p. 2. The crux of Target's argument is that the funds it seeks in this proceeding were owned by Daniel Aronoff, but isolated for and dedicated to payment of Landon's obligation to Target, thus held in a "constructive trust by Dan Aronoff for the purpose of meeting Landon's obligation to Target, and for no other purpose."

The court has denied this motion without prejudice, finding that "[t]o the extent Target is here asserting that certain funds being held by Mr. Aronoff were actually the property of Landon Development Corp., or held in constructive trust for Landon, such claims are appropriately considered in bankruptcy court." Order of November 7, 2006 (D/E # 852), p. 2.

Target relies on the case of In re RCS Engineered Products Company, Inc., 102 F.3d 223 (6th Cir. 1996), which it states "controls" the instant issue. In that case, it was determined that the automatic stay provisions of 11 U.S.C. § 362(a)(3) did not bar a creditor's state court alter ego action against the parent corporation to a Chapter 7 debtor-subsidiary. This holding was premised on the court's finding that, under Michigan law, a subsidiary lacks standing to bring an alter ego claim against either its shareholders or its parent, and therefore such a claim was not property of the estate, and could not be brought by the trustee in bankruptcy. Id. at 226.

Here, Target asserts that application of the same reasoning compels a finding that "Target may therefore pursue its claim outside of the bankruptcy proceeding," and that the court's denial of the motion without prejudice was palpable error.

2

The court is not persuaded by Target's arguments in general, or that <u>RCS</u> controls the issue at hand.  This court did not, in its earlier order, determine or even opine as to whether or not the trustee in bankruptcy could pursue a claim that Daniel Aronoff held funds allegedly designated specifically for satisfaction of Target's construction costs.  Rather, the court denied the motion without prejudice, finding that such a proceeding was more appropriately considered in the context of the bankruptcy proceedings, without regard to the party asserting the claim.  The court remains convinced this is true.

> As provided by Local Rule,
>
> Under 28 U.S.C. § 157(b)(1), bankruptcy judges will hear and determine all cases under Title 11 and all core proceedings (including those listed in 28 U.S.C. § 157(b)(2)) arising under Title 11, or arising in or related to a case under Title 11, and will enter appropriate orders and judgments, subject to review under 28 U.S.C. § 158.

E.D. Mich LR 83.50(a)(2).  A claim is "related to" the bankruptcy proceeding if it "affect[s] the debtor's rights *or liabilities*."  <u>Browning v. Levy</u>, 283 F.3d 761 (6th Cir. 2002) (emphasis added) (citing <u>In re Dow Corning Corp.</u>, 86 F.3d 482, 489 (6th cir. 1996).  It appears impossible to argue that satisfaction of the judgment in this case by funds in the possession of Daniel Aronoff would not affect the liabilities of the debtors in bankruptcy.  As this claim asserted by Target took the form of a motion, in an otherwise administratively closed case, the court earlier denied such motion without prejudice, recommending consideration of the issue in the bankruptcy court.  This action appeared

appropriate to the court under the circumstances, and was tantamount to referral of the claim as contemplated by E.D. Mich LR 83.50 (a)(2).[1]

The court has engaged in the reconsideration requested by Target, but will deny Target's further request to vacate its earlier order. For the reasons stated in that order, as well as those given here, Target's motion to satisfy the judgment rendered in this case with funds in the possession or control of Dan Aronoff will remain DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.

Dated: December 18, 2006

S/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on December 18, 2006, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk

---

[1] Target included, via a footnote, an assertion that it would bring a motion to withdraw the reference to bankruptcy court should this court deny the requested relief. 28 U.S.C. §157(d) states that a district court shall withdraw a proceeding from the bankruptcy court on timely motion of a party if it is determined that "resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce." However, Target offers no reasoning that supports a withdrawal of the reference to Bankruptcy Court in this case.